UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL,<br><br>    Defendant. | No. 2:14-cv-1132 JAM DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor submitted an application to proceed in forma pauperis.

    The undersigned takes judicial notice[1] of the National Pro Se Three-Strikes Database,[2] which indicates that plaintiff has been designated as a "three strikes litigant" under 28 U.S.C. § 1915(g). Such designation precludes in forma pauperis status to a prisoner bringing a civil action who has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner demonstrates that he

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

[2] The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

1

is under imminent danger of serious physical injury at the time he commenced the new action.[3] Plaintiff has been designated a three strikes litigant in at least three prior cases,[4] which together cite several instances when plaintiff's complaints have been dismissed as frivolous, malicious or for failure to state a claim.  This court has reviewed the basis of the findings in those cases and concurs that plaintiff has suffered at least three prior strike dismissals as defined by the statute.[5]

     As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056.  Allegations that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  Absent a showing that

---

[3] Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[4] See Weaver v. Gory et al., Case No. 2:09-cv-09288 UA MLG P (C.D. Cal. 2009) (ECF No. 3); Weaver v. California Correctional Institution et al., Case No. 1:06-cv-01429 OWW SMS P (E.D. Cal. 2007) (ECF 4); Weaver v. Deuel Vocational Institution, Case No. 2:13-cv-01471 MCE EFB P (E.D. Cal. 2013) (ECF 4).

[5] In this regard, the undersigned takes judicial notice of the following cases:  (1) Weaver v. California Correctional Institution Confinement SHU, Case No. 1:06-cv-00671 OWW SMS P (E.D. Cal. 2006) (dismissed July 17, 2006 as frivolous and for failure to state a claim (ECF No. 6)); (2) Weaver v. California Correctional Institution Third Watch Lieutenant, Case No. 1:06-cv-00775 OWW LJO P (E.D. Cal. 2006) (dismissed July 17, 2006 as frivolous and for failure to state a claim (ECF No. 4)); (3) Weaver v. California Correctional Institution, Case No. 1:06-cv-00863 OWW SMS P (E.D. Cal. 2006) (dismissed August 1, 2006 for failure to state a claim (ECF No. 4)); (4) Weaver v. Appeal Coordinator, Case No. 1:06-cv-00134 OWW DLB P (E.D. Cal. 2006) (dismissed August 28, 2006 for failure to state a claim (ECF Nos. 15, 11)); (5) Weaver v. California Correctional Institution, Case No. 1:04-cv-06079 LJO WMW P (E.D. Cal. 2006) (dismissed December 7, 2007 for failure to state a claim (ECF No. 40)).

1  plaintiff was under imminent danger of serious physical injury at the time he filed his complaint,
2  his only option for proceeding with this action is to pay the full filing fee.
3       Plaintiff is currently incarcerated at Pelican Bay State Prison.  In the complaint filed May
4  5, 2014 in this action, plaintiff seeks $2,500,000.00 in damages based on the following
5  allegations:

> I have written to the United States District Court Eastern District of California about a case No. 2:14-cv-00026 EFB about Attorney General not fileing (sic) timely response within 60 days.  Attorney General never filed a response at all.  A reply has not been send (sic) to petitioner at all.  The Defendant's show deliberate indifference under the color of state law.

10 (Complaint (ECF No. 1) at 3).  These allegations do not challenge any conditions of plaintiff's
11 confinement nor do they otherwise allege an imminent danger of serious physical injury.
12 Therefore, plaintiff may not proceed in forma pauperis in this action.
13      Moreover, the undersigned finds the instant complaint to be frivolous.  A claim is legally
14 frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S.
15 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may
16 dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where
17 the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  Leave to amend need not
18 be granted if "the pleading could not possibly be cured by the allegation of other facts."  Ramirez
19 v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citations and internal quotations omitted).)  "It is
20 not an abuse of discretion to deny leave to amend when any proposed amendment would be
21 futile."  Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990) (citation omitted).
22      Review of the docket in the case referenced by plaintiff in his complaint, Weaver v.
23 Barnes, Case No. 2:14-cv-00026 LKK EFB P, indicates that it is a habeas action brought pursuant
24 to 28 U.S.C. § 2254.  On January 15, 2014, the court in that case directed respondent to file and
25 serve, within 60 days, either an answer or motion.  (Id., ECF No. 4 at 2.)  On March 17, 2014,
26 /////
27 /////
28 /////

3

respondent timely filed a motion to dismiss.[6]  (Id., ECF No. 11.)  Respondent was not required to file any other response.  Therefore, plaintiff's effort through the complaint filed in the instant action to require a response by respondent to be filed in Case No. 2:14-cv-00026 LKK EFB P, is not only procedurally improper, but inherently frivolous.[7]  This court must dismiss a complaint if the prisoner has raised claims that are legally frivolous.  See 28 U.S.C. § 1915A(b)(1).

For these reasons, IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
weav1132.3strikes.scrn.

---

[6]  The sixty-day period commencing January 15, 2014, ended on Sunday, March 16, 2014, rendering the filing deadline Monday, March 17, 2014.  See Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[7]  Plaintiff's similar argument submitted by him in Weaver v. Barnes, Case No. 2:14-cv-00026 LKK EFB P was also rejected.  In that case, petitioner (plaintiff herein) filed a motion for writ of mandate seeking an order directing respondent to file a response.  (Id., ECF No. 13.)  Petitioner's motion was filed before he was served with respondent's motion to dismiss.  On April 22, 2014, petitioner's motion for a writ of mandate was denied.  (Id., ECF No. 16 at 2.)